IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DERRICK HALCOMB AND JACQUELINE HALCOMB, | ) ) ) | |
| PLAINTIFFS, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. _____ |
| CAPITAL ONE AUTO FINANCE, INC., | ) ) ) ) | |
| DEFENDANT. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, Defendant identified in the Petition as Capital One Auto Finance, Inc., properly known as Capital One Auto Finance, a division of Capital One, N.A. ("COAF"), hereby files this Notice of Removal of this action from the 439th Judicial District Court of Rockwall County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division. In support of this removal, COAF states as follows:

### INTRODUCTION

1. Plaintiffs Derrick Halcomb and Jacqueline Halcomb ("Plaintiffs") commenced this action on March 5, 2015, by filing an Original Petition & Request for Disclosure ("Petition") in the 439th Judicial District Court of Rockwall County, Texas, Case Number 1-15-218.

2. The Petition purports to assert two (2) causes of action against COAF, related to Plaintiffs' automobile loan with COAF. Specifically, Plaintiffs attempt to assert claims for: (1)

23170364 v1

violation of the Texas Deceptive Trade Practices Act ("DTPA"); and (2) violation of the federal Telephone Consumer Protection Act ("TCPA"). (*See* Petition, ¶¶ 9-21.) These claims appear to be based on a contention that COAF placed collection calls to Plaintiffs regarding their vehicle loan without consent to do so, and improperly repossessed the subject vehicle in February 2015. (*See id.* at ¶¶ 7-8.)

3.  As a result of these allegations, Plaintiffs request economic and actual damages, treble damages, statutory damages, pre-judgment and post-judgment interest, court costs and attorneys' fees, for total monetary relief in excess of $1,000,000. (*See id.* at ¶¶ 2, 14-18, 20-21, 25.)

4.  Based on the allegations in the Petition, this Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1332 because: (1) Plaintiffs attempt to assert a claim for violation of the TCPA, 47 U.S.C. § 227; and (2) there is complete diversity between Plaintiffs and COAF, and there is at least $75,000 in controversy exclusive of interest and costs. This Court also has supplemental jurisdiction over Plaintiffs' state-law DTPA claim pursuant to 28 U.S.C. § 1367.[1]

## PROCEDURAL REQUIREMENTS

5.  COAF was served on March 10, 2015. As such, this Notice of Removal is timely filed under 28 U.S.C. § 1446.

6.  No prior application has been made for the relief requested herein.

---

[1] Nothing in this Notice of Removal should be construed as an admission that Plaintiffs' claims have any merit whatsoever.

7. The United States District Court for the Northern District of Texas, Dallas Division, is the district and division embracing the place where this action is pending in state court. 28 U.S.C. § 1441(a).

8. Pursuant to 28 U.S.C §1446(a) and Northern District of Texas Local Rule 81.1, this Notice of Removal is accompanied by copies of the following materials:

- **Exhibit A:** Civil Cover Sheet
- **Exhibit B:** Supplemental Civil Cover Sheet
- **Exhibit C:** State Court Action Docket Sheet
- **Exhibit D:** Index of Filings in State Court Action
    - **Exhibit D-1:** Plaintiffs' Original Petition and Request for Disclosure
    - **Exhibit D-2:** Civil Case Information Sheet
    - **Exhibit D-3:** Citation to COAF/Certified Mail Return Copy
    - **Exhibit D-4:** Constable Return
    - 
    - **Exhibit D-5:** Request for Documents
- **Exhibit E:** Certificate of Merger between Capital One Auto Finance, Inc. and Capital One, N.A.

9. Contemporaneous with the filing of this Notice of Removal, COAF will file a copy of same with the Clerk of the District Court of Rockwall County, Texas, in accordance with 28 U.S.C. § 1446(d). Written notice of the filing of this Notice of Removal has also been served upon Plaintiffs.

10. All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

## ARGUMENT AND CITATION TO LEGAL AUTHORITY

### I.   Federal Question Jurisdiction Exists Over This Action.

11.   This action may be removed pursuant to 28 U.S.C. § 1441(a) because the Court has original jurisdiction under 28 U.S.C. § 1331.

12.   Specifically, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331. Removal based on "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists [] when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (alteration added).

13.   In their Petition, Plaintiffs purport to allege a violation of the TCPA, 47 U.S.C. §227. (*See* Petition, ¶¶ 19-21.) Specifically, Plaintiffs allege COAF violated the TCPA by: (1) making "numerous phone calls to Plaintiff's home, work, and cell phones using an 'automatic telephone dialing system' without Plaintiffs' written express consent;" and (2) making "numerous phone calls to Plaintiffs despite being asked not to call." (*Id.* at ¶19.)

14.   Because Plaintiffs have asserted a claim arising under federal law, this Court has federal question jurisdiction. *See, e.g.*, *Bank v. Spark Energy Holdings, LLC*, No. 4:11-CV-4082, 2012 WL 4097749, at *2 (S.D. Tex. Sept. 13, 2012) ("The Supreme Court in *Mims* ruled that private TCPA claims 'plainly 'aris[e] under' the 'laws . . . of the United States' and therefore 'district courts possess federal-question jurisdiction under § 1331.'" (quoting *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748–749, 181 L.Ed.2d 881 (2012)); *Whatley v. Creditwatch Servs., Ltd.*, No. 4:11CV493, 2012 WL 2885640, at *1 (E.D. Tex. July 13, 2012) *report and*

*recommendation adopted*, 2012 WL 3151261 (E.D. Tex. Aug. 2, 2012) ("The Supreme Court has recently held that federal courts have jurisdiction to hear a private right cause of action under the Act. Therefore, Defendant's argument that there is no federal jurisdiction is overruled." (citation omitted)).

15. This Court should retain jurisdiction over Plaintiffs' remaining state-law claim for violation of the DTPA because this claims forms part of the same case or controversy as Plaintiffs' federal TCPA claim. *See* 28 U.S.C. § 1367. Both Plaintiffs' TCPA and DTPA claims are based on COAF's alleged attempts to collect on Plaintiffs' vehicle loan with COAF and, in particular, on COAF's purported wrongdoing related to allegedly "repeated" and "numerous" calls made to Plaintiffs regarding the loan. (*See* Petition, ¶¶ 8, 11, 19.) Because the state and federal claims "arise from the same facts, or involve similar occurrences, witnesses or evidence," the Court should exercise supplemental jurisdiction over the state-law claims. *See Garcia v. Jenkins/Babb LLP*, No. 3:11-CV-3171-N-BH, 2013 WL 3789830, at *10 (N.D. Tex. July 22, 2013) *aff'd sub nom. Garcia v. Jenkins Babb, L.L.P.*, 569 F. App'x 274 (5th Cir. 2014) ("Here, all three factors weigh in favor of retaining jurisdiction over Plaintiffs' state law claims under the TDCPA and DTPA. First, Plaintiffs' state claims arise from the same 'common nucleus of operative facts' as their federal claims, namely, Defendants' alleged conduct in attempting to collect a debt from Plaintiffs on behalf of WFB.").

**II.     Diversity Jurisdiction Exists Over This Action.**

16. This action is also removable because Plaintiffs and COAF are citizens of different states and the amount in controversy exceeds $75,000.

17. Specifically, the Court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended, which provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

A.  **Diversity of Citizenship.**

18. Plaintiffs are now, and have been at all times relevant to this action, citizens of the State of Texas. (*See* Petition, ¶ 3.)

19. Plaintiffs name "Capital One Auto Finance, Inc., a Texas corporation" as defendant in this matter. (*Id.* at ¶ 4.) Effective April 1, 2011, however, Capital One Auto Finance, Inc. merged into Capital One, N.A., with Capital One, N.A. being the only surviving entity. A true and correct copy of the Certificate of Merger filed with the Office of the Secretary of State of Texas is attached as Exhibit "E."[2]

20. As a result of the 2011 merger, COAF is now, and was at the time of the commencement of this action, a division of Capital One, N.A., a national banking association.

---

[2] The Court may take judicial notice of the Certificate of Merger as a public record filed with the Secretary of State. *See Kingman Holdings, LLC v. IMortgage.com, Inc.*, No. SA-15-CV-102-XR, 2015 WL 1279710, at *2 (W.D. Tex. Mar. 20, 2015) ("The district court may also take judicial notice of matters of public record."); *Greater Houston Transp. Co. v. Uber Technologies, Inc.*, No. CIV.A. 4:14-0941, 2015 WL 1034254, at *5 n.2 (S.D. Tex. Mar. 10, 2015) ("Matters of which a court may take judicial notice include, for example, matters of public record. (citing *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir.2006)); *Rodriguez v. Gold & Silver Buyers, Inc.*, No. 4:12-CV-1831, 2013 WL 5372529, at *3 (S.D. Tex. Sept. 24, 2013) ("In addition to considering the complaint, the Court takes judicial notice of the petition in the pending state court case between Defendants and Plaintiffs, No.2012–13509 in the 295th District Court of Harris County, Texas, and the corporate filings of GSS with the Texas Secretary of State.").

For diversity purposes, a national bank and its divisions are citizens of the state in which the national bank has its main office as designated in its articles of association. *See Wachovia Bank, N.A. v. Schmidt, III*, 546 U.S. 303, 318 (2006) (holding a national bank is a citizen of "the State designated in its articles of association as its main office"); *Ainsworth v. Wells Fargo Home Mortgage, Inc.*, No. 3:14-CV-1942-M, 2014 WL 7273945, at *4 (N.D. Tex. Dec. 22, 2014) ("U.S. Bank and Wells Fargo assert that Wells Fargo is a citizen of South Dakota because Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A., and Wells Fargo Bank, N.A.'s main office is located in South Dakota. For diversity jurisdiction purposes, a national bank 'is a citizen of the State in which its main office, as set forth in its articles of association, is located.' Wells Fargo Bank, N.A.'s articles of association designate Sioux Falls, South Dakota, as the location of its main offices. U.S. Bank and Wells Fargo have shown that Wells Fargo is a citizen of South Dakota."); *Lee v. Wells Fargo Home Mortgage*, No. 3:13-CV-00034, 2013 WL 5797375, at *3 (W.D. Va. Oct. 28, 2013) ("Wells Fargo Home Mortgage is a division of Wells Fargo Bank, a national banking association with its main office in Sioux Falls, South Dakota, as is designated in its articles of association. . . . Wells Fargo and its Home Mortgage division are thus citizens of South Dakota." (citing *Wachovia Bank*, 546 U.S. at 318)).

21. Capital One, N.A.'s articles of association designate McLean, Virginia, as the location of its main office. Thus, for diversity purposes, COAF is a citizen of the Commonwealth of Virginia.

22. Accordingly, complete diversity of citizenship exists between Plaintiffs and COAF, the only named Defendant.

### B.     Amount in Controversy.

23.     Plaintiffs expressly state in their Petition that they are seeking "monetary relief over $1,000,000." (Petition, ¶ 2.) Thus, it is apparent from the face of Plaintiffs' Petition that the amount in controversy exceeds the $75,000 jurisdictional threshold, exclusive of interest and costs. *See Novo Point, LLC v. Katz*, No. 3:14-CV-1552-L, 2015 WL 1134733, at *7 (N.D. Tex. Mar. 13, 2015) ("The court agrees that the amount in controversy requirement is satisfied because Plaintiffs indicate in their Original Petition that they are seeking over $1,000,000 in damages."); *Poljanec v. Home Depot U.S.A. Inc.*, No. SA-14-CV-318-XR, 2014 WL 2050946, at *4 (W.D. Tex. May 19, 2014) ("With respect to the amount in controversy, Plaintiff seeks between $200,000 and $1,000,000 in damages. Thus, it is clear from the face of the petition that the amount in controversy requirement has been satisfied, and the removing party is under no further obligation to provide summary judgment-like evidence.")

24.     Consequently, the amount in controversy requirement is satisfied, and diversity jurisdiction is present.

### ADOPTION AND RESERVATION OF DEFENSES

25.     Nothing in this Notice of Removal shall be interpreted as substantially invoking the litigation process or as a waiver or relinquishment of COAF's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) insufficiency of process; (2) insufficiency of service of process; (3) improper joinder of claims and/or parties; (4) failure to state a claim; (5) failure to join indispensable parties; (9) failure to meet minimum pleading requirements under Fed. R. Civ. P. 8; or (10) any other pertinent defense available under Fed. R. Civ. P. 12, any state or federal statute, or otherwise.

26. To the extent remand is sought by Plaintiffs or visited by the Court, COAF respectfully requests the opportunity to brief the issues and submit additional arguments and evidence.

27. COAF reserves the right to supplement this Notice of Removal as may be necessary or appropriate.

## CONCLUSION

WHEREFORE, COAF prays that this Court take jurisdiction of this action and issue all necessary orders and process to remove this action from the 439th Judicial District Court of Rockwall County, Texas, to the United States District Court for the Northern District of Texas, Dallas Division.

Respectfully submitted this 30th day of March, 2015.

*s/ Vincent J. Graffeo*
Vincent J. Graffeo
**BURR & FORMAN, LLP**
420 N. 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
Email: vgraffeo@burr.com

Philip G. McNicholas, Esq.
Texas Bar Number: 24078987
**KESSLER COLLINS, P.C.**
2100 Ross Avenue, Suite 750
Dallas, Texas 75201
Telephone: (214) 379-0790
Facsimile: (214) 373-4714
Email: PGM@kesslercollins.com

ATTORNEYS FOR DEFENDANT
CAPITAL ONE AUTO FINANCE, A DIVISION OF
CAPITAL ONE, N.A.

## CERTIFICATE OF SERVICE

On March 30, 2015, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or *pro se* parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                            s/ *Vincent J. Graffeo*
                                            Vincent J. Graffeo, Esq.